UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

OPERATING ENGINEERS LOCAL 139 HEALTH
BENEFIT FUND, et al,

                Plaintiffs,

                                            Case No. 23-cv-0756-bhl

  v.

PETERS HEAVY CONSTRUCTION INC,

                Defendant.

---

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

---

      Despite accepting service on June 22, 2023, Defendant Peters Heavy Construction, Inc. never appeared in this case. (ECF No. 4.) As a result, on August 2, 2023, the Clerk of Court entered default pursuant to Fed. R. Civ. P. 55(a). On August 16, 2023, Plaintiffs moved for default judgment under Fed. R. Civ. P. 55(b)(2). (ECF No. 10.) Because the motion and accompanying affidavits sufficiently establish the amount of damages at issue, the Court will enter default against Peters without a hearing.

      Under Fed. R. Civ. P. 55(b)(2), the Court may enter a judgment by default without a hearing on damages if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.3d 1319, 1323 (7th Cir. 1983). In cases alleging a violation of the Employee Retirement Income Security Act of 1974 (ERISA), the plaintiff can prove definite figures through submission of affidavits authenticating collective bargaining agreements, audits, and itemized billing statements showing attorney's fees and costs. *See Trustees of Central Laborers' Pension, Welfare & Annuity Funds v. Robinson*, No. 08-454-DRH, 2008 WL 5191761, at *2 (S.D. Ill. Dec. 11, 2008); *Wisconsin Sheet Metal Workers Health and Ben. Fund v. CC Installations, Inc.*, No. 11-C-641, 2011 WL 5404035, at *1 (E.D. Wis. Nov. 7, 2011); *North Central States Regional Council of Carpenters' Pension Fund v. Ceiling Constructors, Inc.*, 14-cv-701-bbc, 2015 WL 12585908, at *1 (W.D. Wis. Mar. 12, 2015).

In this case, the Complaint alleged that Peters failed to remit all required contributions to Plaintiffs' pension funds in violation of ERISA. (ECF No. 1 ¶9.) Plaintiffs have submitted affidavits, the results of an audit, the relevant agreements, and an itemized statement of attorney's fees and costs. (ECF Nos. 12, 13, 14, & 15.) Based on these submissions, they request $17,195.39 for delinquent fringe benefit contributions; $3,313.16 for delinquent payment assessments; $2,215.92 in interest; and $1,638.25 in attorney's fees and costs, totaling $24,362.72. (ECF No. 12 at 1.) The documentary evidence sufficiently substantiates this sum.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for default judgment under Fed. R. Civ. P. 55(b)(2), ECF No. 10, is **GRANTED**. Plaintiffs are awarded damages in the total amount of $24,362.72, and the case is dismissed. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on August 17, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge